UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  DOCKET NO. 00-6125-CR-Dimitrouleas

vs.

ELIZABETH "LIZ" VELASQUEZ
WEISIGER,

    Defendant.
_____/

## UNOPPOSED MOTION TO CONTINUE SENTENCING

COMES NOW the Defendant, ELIZABETH VELASQUEZ WEISIGER, by and through the undersigned attorney, and moves this Honorable Court enter an Order continuing the sentencing date in this case. As grounds for this motion, the Defendant would state:

1. This cause is currently scheduled for sentencing on September 1, 2000.

2. Although the Defendant has provided assistance to the government, the government will not be able to evaluate the extent of that assistance until the case of United States vs. Roseman reaches a final disposition (Ms. Velasquez Weisiger is expected to testify as a witness should that case go to trial).

3. United States vs. Roseman, Docket No. 00-6117-CR Huck, is set for calendar call on August 23, 2000, with a trial calendar starting on August 28, 2000. However, upon information and belief, that case is not yet in a trial posture and it is doubtful that the case will be resolved or tried on those dates.

4. The government will not be in a position to evaluate Ms. Velasquez Weisiger's assistance until after that case is resolved and, therefore, if the Defendant is sentenced as scheduled on September 1st, the government would not be in a position to file a 5K1.1 motion at that time.

If sentencing were to go forward on September 1st, it would necessitate setting aside additional time at a later date, after the Roseman case is concluded, for a second hearing pursuant to Rule 35.

5. Counsel would request a continuance of the sentencing date so that both matters may be addressed at one time, at one hearing.



6. A continuance would work in the best interests of judicial economy, the government and the Defendant.

7. The Defendant's guideline score as calculated by United States Probation in her P.S.I.R. is a level 16, which would require imposition of a prison sentence, absent the government filing a 5K1.1 motion. However, were the government to file such a motion as contemplated, in the Court's discretion, the Defendant may not necessarily have to be sentenced to incarceration.

8. The Defendant and her husband have two minor children, Jonathan, age 4, and Aaron, age 2. The certainty of knowing a final sentence determination, at sentencing, would be a great help to her husband so that he could better prepare and arrange for their care in her absence.

9. Counsel has discussed this motion with Asst. U.S. Attorney Jeffrey Kaplan and he has no objections to this motion.

WHEREFORE, the Defendant, ELIZABETH VELASQUEZ WIESIGER, moves this Honorable Court enter an Order continuing the September 1, 2000, sentencing date.

Local Rule 88.9 Certification

I HEREBY CERTIFY that I have discussed this motion with Asst. U.S. Attorney Jeffrey Kaplan and that he has no objections to this motion.

DAVID R. SMITH

Certificate of Service

I HEREBY CERTIFY that I have delivered a copy of this motion by hand, this 22nd day of August, 2000, to Asst. U.S. Attorney Jeffrey Kaplan, Office of the United States Attorney for the Southern District, 500 East Broward Boulevard, 7th Floor, Fort Lauderdale, FL, and to U.S. Probation Officer Tracy Webb, U.S. Probation Office, 299 East Broward Boulevard, Room 409, Fort Lauderdale, FL.

DAVID R. SMITH, Fla.Bar #166880
Attorney for Defendant
524 South Andrews Avenue, Suite 304N
Fort Lauderdale, FL  33301
(954) 522-3307