

**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA**        **Docket No. 00-6125-CR-Dimitrouleas**

v.

**Elizabeth " Liz"  Velasquez  Weisiger**

<u>UNOPPOSED MOTION TO CONTINUE SENTENCING</u>

COMES NOW the Defendant, Elizabeth Velasquez Weisiger, by and through the
Undersigned Attorney and moves this Honorable Court enter an order continuing
the sentencing date in this cause.  As grounds for this motion the defendant
would state:

1.  This cause is currently scheduled for sentencing at 10:30 AM on October 6th,,
2000.

2.  Although the Defendant has provided assistance to the government, the
government will not be able to evaluate the extent of that assistance until the
case of United States vs. Roseman reaches a final disposition,(Ms. Velasquez
Weisiger is expected to testify as a witness should that case go to trial ).

3.  United States vs. Roseman, Docket No. 00-6117-Cr Huck, is set for trial for
the trial period beginning December 11th, 2000 before Juge Huck in Miami.

4.  The government will not be able to evaluate the extent of Mrs. Velasquez
Weisiger's assistance until after that case is resolved and therefore, if the
Defendant is sentenced as scheduled on October 6th, the government would not
be in a position to file a 5k1.1 motion at that time .  If sentencing were to go
forward on October 6th , it would necessitate bringing the Defendant back at a
later date after the Roseman case is concluded, for a second hearing pursuant to
a rule 35.

5.  Counsel would request a continuance of the sentencing date so that both
matters may be addressed at one time, at one hearing.

6.  A continuance would work in the best interests of judicial economy, the
government, and the defendant.

7.  The Defendant's guideline score as calculated by United States Probation in



her P.S.I.R. it is a level 16, which would require imposition of a prison sentence, absent the government filing a 5K1.1 motion. However, were the government to file such a motion as contemplated, in the Court's discretion, the Defendant may not necessarily have to be sentenced to incarceration.

8. The Defendant and her husband have two minor children, Jonathan, age 4, and Aaron, age 2. The certainty of knowing a final sentence determination, at sentencing, would be a great help to her husband so that he could better prepare and arrange for their care in her absence.

9. Counsel has discussed this motion with A.U. S.A. Jeffrey Kaplan and he has no objections to this motion.

WHEREFORE the Defendant, Elizabeth Velasquez Wiesiger, moves this Honorable Court enter an order continuing the October 6th, 2000 sentencing date.

Local Rule 88.9 Certification

I HEREBY CERTIFY that I have discussed this motion with A.U. S.A. Jeffrey Kaplan and that he has no objections to this motion.

DAVID R. SMITH

Certificate of Service

I HEREBY CERTIFY that I have delivered a copy of this motion by United States mail , addressed to A.U. S.A. Jeffrey Kaplan, Office of United States Attorney for the Southern District, 500 East Broward Boulevard, Seventh Floor, Fort Lauderdale Florida this 20th day of Septemberr, 2000. I further CERTIFY that I have delivered a copy of this motion by United States mail , addressed to U.S. Probation Officer, Tracy Webb, U.S. Probation Office , 299 East Broward Boulevard , Room 409, Fort Lauderdale Florida This 20th day of September, 2000.

DAVID R. SMITH, Fl bar number: 166880
Attorney for the Defendant
        524 South Andrews Avenue
        Suite 304N,
        Fort Lauderdale, Florida 33301
        (954) 522-3307